**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SEDRIC Q. SUTTON**                                                                 **PLAINTIFF**

**V.**                                                    **CIVIL CAUSE NO. 4:22-CV-114-DAS**

**LYNN FITCH, ATTORNEY GENERAL OF
MISSISSIPPI, CHARLTON SMITH, DEPUTY SHERIFF
OF WASHINGTON COUNTY, MISSISSIPPI,
DWIGHT DONHAM, DEPUTY SHERIFF OF
WASHINGTON COUNTY, MISSISSIPPI, HON.
MARGARET CAREY-MCCRAY, CIRCUIT
JUDGE OF WASHINGTON COUNTY, MISSISSIPPI**                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER FOR ADDITIONAL BRIEFING

Defendants Charlton Smith, Deputy Sheriff of Washington County, Mississippi, Dwight

Donham, Deputy Sheriff of Washington County, Mississippi, and Hon. Margaret Carey-McCray,

Circuit Court Judge of Washington County, Mississippi, have filed motions to dismiss the

plaintiff Sedric Q. Sutton's Complaint under Federal Rule of Civil Procedure 12(b)(6). Docket 6,

16. Because the parties have consented to a magistrate judge conducting all the proceedings in

this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this

opinion. Docket 12. Having considered the parties' submissions, the record in this action, and the

relevant case law, the court is prepared to rule.

### Procedural and Factual Background

On July 26, 2022, the plaintiff filed a *pro se* Complaint in the United States District Court

for the Northern District of Mississippi against Lynn Fitch, Attorney General of Mississippi,

Charlton Smith, Deputy Sheriff of Washington County, Mississippi, Dwight Donham, Deputy

Sheriff of Washington County, Mississippi, and Hon. Margaret Carey-McCray, Circuit Court

Judge of Washington County, Mississippi. Docket 1. There is extensive factual and procedural

history underlying this action which is set forth in detail in the Supreme Court of Mississippi's opinions in *Sutton v. State*, 238 So. 3d 1150 (Miss. 2018) and *Sutton v. State*, 337 So. 3d 208 (Miss.), *cert. dismissed*, 338 So. 3d 128 (Miss. 2022). This court relies on these decisions in reciting the relevant factual and procedural history herein.

In July 2014, defendants Charlton Smith ("Smith") and Dwight Donham ("Donham") obtained a search warrant for "stolen items" located at 331 Muscadine Street in Greenville, Mississippi. *Sutton v. State*, 238 So. 3d 1150, 1153 (Miss. 2018). While executing the search warrant, officers from the Washington County Sheriff's Department – including Smith – detained and searched the plaintiff and the residence, finding sixty pills, $4,995 in cash, a handgun, and two digital scales. *Id*. The plaintiff was taken into custody and charged with possession of a controlled substance under Mississippi Code Annotated § 41-29-139(c)(3)(A), a misdemeanor. *Id*. A Washington County grand jury later indicted the plaintiff as a habitual offender for possession of a controlled substance with intent to distribute under MCA § 41-29-139(a)(1) and possession of a firearm by a convicted felon. *Id*. at 1153-54. The plaintiff moved to suppress evidence from the execution of the search warrant, but his motion was denied, and he was convicted of the first count, possession with intent, and acquitted on the second, possession of a firearm. *Id*. at 1154. He was sentenced as a habitual offender to fifteen years. *Id*.

The plaintiff appealed, and on March 15, 2018, the Mississippi Supreme Court reversed this conviction for possession of a Schedule III controlled substance with intent to distribute finding that "[a]ll of the State's evidence in the case stemmed from an unconstitutional search pursuant to an invalid warrant which failed adequately to describe the property to be seized by the executing officers." *Id*. at 1153. The Supreme Court held the Washington County Sheriff's Department's description of the property to be seized as "stolen property" was effectively "no

description" and reversed the plaintiff's conviction and vacated his sentence. *Id*. at 1157. On April 10, 2018, the trial judge entered an order of nolle prosequi. *Sutton v. State*, 337 So. 3d 208, 210 (Miss.).

The plaintiff subsequently filed a complaint for wrongful conviction and imprisonment in the Circuit Court of Washington County, Mississippi. *Id*. The trial court dismissed the plaintiff's claims on the basis that he "failed to create a genuine issue of material fact by a preponderance of the evidence that he did not commit the felon[y] for which he was sentenced or the acts or omissions for which he was sentenced did not constitute a felony." *Id*. In a February 3, 2022 opinion, the Mississippi Supreme Court upheld the trial court's decision finding the plaintiff's conviction was reversed on insufficient language in the search warrant and not on grounds not inconsistent with innocence, and the plaintiff failed to present sufficient evidence that his actions constituted a misdemeanor rather than a felony. *Id*. at 213.

Here, the plaintiff's claims are based on same underlying events but are asserted against new defendants. The Complaint sets forth three claims which are identified by the plaintiff as follows: (1) Violation of Forth Amendment – Illegal Search and Seizure, (2) Violation of the Fourteenth Amendment Due Process Violations which resulted in the Eighth Amendment Cruel and Unusual Punishment, and (3) Entitlement to be Compensated for Wrongful Conviction under Mississippi Code Section 11-44-1 to -15. Docket 1. The plaintiff alleges that on or about July 15, 2013, Donham and Smith conducted an illegal search and seizure with a warrant that failed to "meet the unambiguous requirement of the Fourth Amendment in that a warrant must particularly describe the persons or things to be seized" and thus "deprived him of Due Process for confiscating property without a valid warrant." *Id*. at 5-6. The plaintiff claims his due process rights were violated resulting in cruel and unusual punishment when the trial court did not allow

him to seek necessary medical treatment before trial or during his incarceration. *Id*. at 6. Again, the plaintiff claims he was wrongfully convicted for possession of a Schedule III controlled substance with intent to distribute, claiming his actions only amounted to a mere misdemeanor. *Id*. at 9.

On September 9, 2022, defendant Hon. Margaret Carey-McCray [1] ("Carey-McCray") filed a motion to dismiss alleging absolute judicial immunity. Docket 6. Donham and Smith answered the Complaint on August 13, 2022, and later filed a motion to dismiss asserting that the Complaint is time barred by the statute of limitations and the doctrine of res judicata and asserting the defenses of qualified immunity and Mississippi Tort Claims Act immunity. Docket 8, 16.

The Court held a case management conference on November 21, 2022 and entered the Case Management Order on November 28, 2022. Docket 13, 14. In violation of Local Uniform Civil Rule 7(b)(3)(A), the plaintiff did not respond to the pending motions to dismiss or notify the court of his intent not to respond. Therefore, on January 6, 2023, this court entered an order requiring the plaintiff to show cause as to why his claims against Carey-McCray, Donham, and Smith should not be involuntarily dismissed as provided by Federal Rule of Civil Procedure 41(b) for his failure to prosecute by failing to respond to the pending motions to dismiss. Docket 21. The plaintiff was ordered to show cause no later than January 30, 2023 and was advised that failure to comply with the show cause order would result in dismissal of his claims against Carey-McCray, Donham, and Smith.

---

[1] The plaintiff's Complaint is devoid of any factual allegations against defendant Carey-McCray. While she is named as a defendant, there are no specific allegations against her individually, only references to "the court" and "the trial court." As noted in defendant Carey-McCray's motion to dismiss, she presided over the plaintiff's criminal trial in the Washington County Circuit Court. Docket 7 at 2. The court reads the plaintiff's allegations against "the court" and "the trial court" as referring to Carey-McCray.

On January 24, 2023, the plaintiff submitted a "Motion in Response and Opposition to Defendants to Motion to Dismiss."[2] Docket 24. The plaintiff's response only addresses Donham and Smiths' motion to dismiss.

## <u>Standard of Review</u>

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996); *Am. Waste & Pollution Control Co. v. Browning–Ferris, Inc.,* 949 F.2d 1384, 1386 (5th Cir.1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir.1995) (*quoting, Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982).

When the issue is a statute of limitations defense, the court may order dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred[,] and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa,* 339 F.3d 359, 366 (5th Cir.2003); *see also Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas,* 20 F.3d 1362, 1366–70 (5th Cir.1994) (dismissing claim as time barred under Rule 12(b)(6) where claim was filed after the applicable statute of limitations had run and the pleadings showed that plaintiff was not entitled to benefit of the discovery rule).

---

[2] The plaintiff contemporaneously filed a Motion for an Extension of Time to Respond for Motion to Dismiss. Docket 23. The plaintiff's response on January 25, 2023 (Docket 24) is timely as the deadline to respond set forth in the court's Order was January 30, 2023. Docket 21. Accordingly, the motion for extension of time is moot.

<u>**Discussion**</u>

I.    **Defendant Margaret Carey-McCray's Motion to Dismiss**

Defendant Carey-McCray argues that the plaintiff's Complaint fails to state claim entitling him to relief and further contends she is shielded from liability for acts committed within her judicial discretion by the doctrine of judicial immunity. Docket 7. The court ordered the plaintiff to show cause as to why his claims against Carey-McCray should not be dismissed as provided by Federal Rule of Civil Procedure 41(b) for failure to respond to the motions to dismiss. Docket 21. The plaintiff was ordered to respond by January 30, 2023 and failed to comply. *Id.*; *see* Docket. It is not necessary for the court to reach the merits of Carey-McRay's motion to dismiss because the plaintiff's failure to respond to the motion amounts to an abandonment of his claims against her. *See Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."). But even if the plaintiff's failure to respond to the motion to dismiss did not amount to an abandonment to his claims, Carey-McCray enjoys absolute immunity from suit, as all of the plaintiff's allegations against "the court" involve acts that were judicial in nature. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions").

Judicial acts are those that are "normally performed by a judge" and affect parties who "dealt with the judge in his judicial capacity." *Id.* at 285 (internal citation omitted). The only allegations against "the Court" or "the Trial Court" appear in section II, "Violation of Fourteenth Amendment Due Process Violations which resulted in the Eighth Amendment Cruel and Unusual Punishment." Here, the plaintiff alleges the "Trial Court" was aware of the various

medical conditions he experienced before his 2016 trial, yet he was denied medical treatment beyond a psychiatric evaluation. He further claims "the Court" was negligent in failing to provide treatment during his two-year incarceration. Despite the plaintiff's allegations regarding the court's awareness of his "ongoing medical ailments" and its denial of his requests for medical treatment, he does not complain of any actions taken by Carey-McCray which were "nonjudicial in nature" or "taken in the complete absence of all jurisdiction." *Id*. at 284. To the extent the plaintiff believes the trial court's rulings were erroneous, appellate review is the proper avenue for redress and that deadline has long since expired. *See Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988) ("Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.").

Accordingly, the plaintiff's claims against Carey-McCray are barred by the doctrine of complete judicial immunity and are therefore dismissed with prejudice.

## II.    Defendants Smith and Donham's Motion to Dismiss

With respect to defendants Smith and Donham, the plaintiff's Complaint largely regurgitates the factual and legal findings discussed in *Sutton v. State*, 238 So. 3d 1150 (Miss. 2018) and *Sutton v. State*, 337 So. 3d 208 (Miss. 2022). He claims Smith and Donham violated his Fourth Amendment rights when they executed the search warrant for "stolen property" in July 2014, subjecting him to an unreasonable search and seizure and false arrest.[3] He further

---

[3] While the plaintiff's Complaint was filed on the *pro se* form "Complaint for Civil Case" and not the form "Complaint for Violation of Civil Rights," his claims for Constitutional violations against Smith and Donham are properly asserted under 42 U.S.C. § 1983. *See White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981) ("[Section 1983] affords a remedy to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and the laws' of the United States"). Consistent with § 1983, the plaintiff's Complaint alleges "[t]he officers at all times relevant to this complaint acting under color of state law, violating Sutton's constitutional rights to be free from an unreasonable search, seizure and arrest that was clearly unreasonably by executing an invalid search warrant that failed to particularize the things to be searched for and seized."

contends Smith and Donham "deprived him of Due Process for confiscating property without a valid warrant."[4]

Smith and Donham filed a joint motion to dismiss asserting that the plaintiff's Complaint is time barred by the state of limitations, barred by the doctrine of res judicata, and – with respect to the plaintiff's federal constitutional claims – barred under the doctrines of qualified immunity and Mississippi Tort Claims Act immunity. Docket 16. The plaintiff responded to the court's Show Cause Order with a "Motion in Response and Opposition to Defendants to Motion to Dismiss" which fails to address any of the substantive arguments raised in defendants' motion. Docket 24.

The plaintiff's claims that Smith and Donham violated "[his] Fourth Amendment rights to be free from unreasonable search and seizure" are barred by the statute of limitations. To the extent that the plaintiff has sufficiently articulated Fourteenth and Eighth Amendment claims against Smith and Donham such claims are also barred by the statute of limitations.

There is no federal statute of limitations for civil rights actions. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983). Therefore, this court must borrow the general personal injury limitations period for Mississippi and apply it to the allegations of the instant civil action. *Id.* The applicable Mississippi statute of limitations period is three years. *See Gates*

---

[4] In the section of the plaintiff's Complaint for identifying the "specific statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," the plaintiff states:

> Sedric Q. Sutton brings this action against the Officers of the Washington County Sheriff's Department and the City of Greenville Police Department for Violations of Fourth Amendment Rights of the United States Constitution for Illegal Search and Seizure, Fourteenth Amendment - Due Process which led to Eight Amendment Cruel and Unusual Punishment for being Wrongfully Convicted.

The court notes that the City of Greenville Police Department is not a party to this action and that only Smith and Donham are named in their capacities as Deputy Sheriffs of Washington County, Mississippi.

*v. Walker*, 865 F.Supp. 1222, 1230 (S.D. Miss. 1994), aff'd, 62 F.3d 394 (5th Cir. 1995); *see also* Miss. Code Ann. § 15–1–49.

"Under federal law, the statute of limitations for § 1983 claims begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Edmonds v. Oktibbeha County, Miss.*, 675 F.3d 911, 916 (5th Cir. 2012) (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)). A plaintiff's awareness consists of two components: (1) the existence of the injury; and (2) causation, meaning a connection between the injury and a defendant's conduct. *See Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir.), *cert. denied*, 506 U.S. 820 (1982).

Under this standard, the plaintiff's claims for illegal search and seizure accrued at the earliest, on July 15, 2014, when "law-enforcement offices – including Officer Smith – executed [a search warrant for 'stolen items'] on the Muscadine house," or at the latest, on March 15, 2018, when the Mississippi Supreme Court vacated his sentence based on the insufficiency of the search warrant. *Sutton v. State*, 238 So. 3d 1150, 1153 (Miss. 2018). Because the plaintiff's claims against Smith and Donham accrued at the latest on March 15, 2018, these claims, filed on July 26, 2022, are time barred and dismissal is proper.[5]

## III.    Additional Legal Issues

The court's decision today concludes that the plaintiff's claims against Carey-McCray are subject to dismissal under the doctrine of judicial immunity, and his claims against Smith and Donham are barred by the statute of limitations. The remaining defendant, Lynn Fitch, Attorney General of Mississippi, remains an active defendant in this case. Although Fitch has not petitioned the court for dismissal or summary judgment, the court is considering dismissal of the

---

[5] Because the plaintiff's claims against Smith and Donham are time barred, the court will not address the remaining bases for dismissal alleged in the motion.

plaintiff's remaining claims for cruel and unusual punishment and wrongful conviction against the State of Mississippi.

In his response to the motion to dismiss, the plaintiff concedes that he filed a claim for wrongful conviction in the Washington County Circuit Court in 2018 – which was denied – but contends his lawyer failed to allege constitutional violations for the "illegal search and seizure resulting into [*sic*] an illegal incarceration." Regardless of counsel's supposed failure to allege those constitutional violations, all claims which have been litigated in a prior suit, as well as all claims which should have been litigated in the prior suit, are barred from relitigation under the doctrine or *res judicata. Johnson v. Howell*, 592 So.2d 998, 1002 (Miss. 1991). "Where one has a choice of more than one theory of recovery for a given wrong, she may not assert them serially in successive actions but must advance all at once on pain of the bar of *res judicata.*" *Walton v. Bourgeois,* 512 So.2d 698, 702 (Miss. 1987).

Whether the plaintiff was entitled to compensation under Mississippi Code 11-44-1 to -15 was litigated in *Sutton v. State*, 337 So.3d 208 (2022). To the extent that the plaintiff is alleging claims against the State for cruel and unusual punishment during his incarceration,[6] the court is unconvinced that this claim is not similarly barred by the statute of limitations (as discussed herein) or barred under the doctrine of *res judicata* for the plaintiff's failure to assert this claim in his prior suit for wrongful conviction.

---

[6] The plaintiff's Complaint only briefly and somewhat ambiguously references his treatment during his incarceration:

> [T]he Court was negligent in not allowing Sutton to seek treatment on his own, and negligent and total in not making sure Sutton received the needed treatment under the State's supervision and care while Sutton was incarcerated 2 years of a 15 year sentence; they failed to inquire about the findings, and failed to act on the medical condition, to diagnose and give treatment, showing total disregard for his health. All while incarcerated, he never received treatment, and the Defendant failed to ensure I received adequate and necessary treatment.

Docket 1 at 6.

Pursuant to Rule 56(f), the court may, after giving notice and a reasonable time to respond, consider summary judgment on its own after identifying the material facts that may not be genuinely in dispute. Fed. R. Civ. Pro. 56(f)(3). The plaintiff and Lynn Fitch are hereby on notice of the court's intent to consider summary judgment on the plaintiff's claim for cruel and unusual punishment and wrongful conviction against the State of Mississippi. The parties may file a response within 14 days from the date of this order fully briefing the issue discussed above. Thereafter, the court will reconsider these remaining claims in light of the parties' briefing.

## IV.    Conclusion

For all the reasons discussed above, Hon. Margaret Carey-McCray's and Charlton Smith and Dwight Donham's motions to dismiss are granted. All claims against McCray, Smith, and Donham are dismissed *with prejudice*. This case is not closed.

This the 20th day of April, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**