# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**SEDRIC Q. SUTTON**                                                **PLAINTIFF**

**V.**                                                    **CIVIL CAUSE NO. 4:22-CV-114-DAS**

**LYNN FITCH, ATTORNEY GENERAL OF
MISSISSIPPI, CHARLTON SMITH, DEPUTY SHERIFF
OF WASHINGTON COUNTY, MISSISSIPPI,
DWIGHT DONHAM, DEPUTY SHERIFF OF
WASHINGTON COUNTY, MISSISSIPPI, HON.
MARGARET CAREY-MCCRAY, CIRCUIT
JUDGE OF WASHINGTON COUNTY, MISSISSIPPI**         **DEFENDANTS**

## ORDER AND MEMORANDUM OPINION

On April 20, 2023, the court entered an Order and Memorandum Opinion granting Hon. Margaret Carey-McCray's and Charlton Smith and Dwight Donham's motions to dismiss and dismissing all of the plaintiff's claims against them. Docket 26. In addition, the court identified certain material facts that may not genuinely be in dispute and directed the remaining parties to submit briefing on whether the court should grant summary judgment and dismiss the remaining claims. After allowing 14 days to respond as required by Federal Rule of Civil Procedure 56(f)(3), the court is now prepared to rule.

*Procedural and Factual Background*[1]

On July 26, 2022, the plaintiff filed a *pro se* Complaint in the United States District Court for the Northern District of Mississippi against Lynn Fitch, Attorney General of Mississippi, the only remaining defendant in this action. The Complaint sets forth three claims which are identified by the plaintiff as follows: (1) Violation of Forth Amendment – Illegal Search and Seizure, (2) Violation of the Fourteenth Amendment Due Process Violations which resulted in

---

[1] A more in-depth factual recitation can be found in the Court's Order and Memorandum Opinion [26].

the Eighth Amendment Cruel and Unusual Punishment, and (3) Entitlement to be Compensated for Wrongful Conviction under Mississippi Code Section 11-44-1 to -15. The plaintiff alleges that on or about July 15, 2013, Defendants Dwight Donham and Charlton Smith conducted an illegal search and seizure with a warrant that failed to "meet the unambiguous requirement of the Fourth Amendment in that a warrant must particularly describe the persons or things to be seized" and thus "deprived him of Due Process for confiscating property without a valid warrant." The plaintiff claims his due process rights were violated resulting in cruel and unusual punishment when the trial court did not allow him to seek necessary medical treatment before trial or during his incarceration. The plaintiff claims he was wrongfully convicted for possession of a Schedule III controlled substance with intent to distribute, claiming his actions only amounted to a mere misdemeanor.

Defendants Charlton Smith, Dwight Donham, and Hon. Margaret Carey-McCray filed motions to dismiss the plaintiff's Complaint which the court granted. In its Order and Memorandum Opinion, the court notified the plaintiff and Defendant Fitch that it intended to consider summary judgment on the remaining claims and gave the parties 14 days to file a response. Only the plaintiff responded. The issues are now ripe for review.

*Legal Standard*

The Court may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). A court may grant summary judgment under Rule 56(f)(3) so long as it provides the parties with "ample notice [and] time to respond" and "consider[s] everything" that the parties claim to be probative of the matters that have been identified. *Santana v. Cook Co. Bd. of Review*, 679 F.3d 614, 619 (7th

Cir. 2012); *see also Wang v. Prudential Ins. Co. of Am.*, 439 Fed. Appx. 359, 363 n. 2 (5th Cir. 2011).

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Discussion*

In its Order and Memorandum Opinion, the court stated it intended to consider summary judgment on the plaintiff's claims for cruel and unusual punishment and wrongful conviction against the State of Mississippi on the basis of res judicata. The plaintiff's response focuses on what he contends are errors committed by the trial court and maintains that his state court action for wrongful conviction and imprisonment was erroneously dismissed on summary judgment. His response states, "[my] claim of Cruel and Unusual Punishment is of a Sensitive Nature: and preferred to be discussed in private. This matter should be sent to the jury to decide." The plaintiff concludes "there are genuine issues of material fact regarding [his] Innocence of the offense for which he was convicted and sentenced."

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). Res judicata "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *United States v. Shanbaum,* 10 F.3d 305, 310 (5th Cir. 1994). Res judicata prevents a later suit, such as this one, from collaterally attacking a prior judgment by a court of competent jurisdiction. *See In the Matter of Williams,* 298 F.3d 458, 461 (5th Cir. 2002) (prior final order cannot be collaterally attacked).

In order for a claim to be barred by res judicata, four elements must be met: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *In re Ark–La–Tex Timber Co.,* 482 F.3d 319, 330 (5th Cir. 2007).

All four elements of res judicata are satisfied, barring the plaintiff's claims for wrongful conviction against Defendant Fitch. The plaintiff previously filed a complaint for wrongful conviction and imprisonment against the State of Mississippi in the Circuit Court of Washington County, Mississippi. *Sutton v. State*, 337 So. 3d 208, 210 (Miss.). The trial court dismissed the plaintiff's claims on the basis that he "failed to create a genuine issue of material fact by a preponderance of the evidence that he did not commit the felon[y] for which he was sentenced or the acts or omissions for which he was sentenced did not constitute a felony." *Id*. In a February 3, 2022 opinion, the Mississippi Supreme Court upheld the trial court's decision finding the plaintiff's conviction was reversed on insufficient language in the search warrant and not on grounds not inconsistent with innocence, and the plaintiff failed to present sufficient evidence that his actions constituted a misdemeanor rather than a felony. *Id*. at 213. Whether the plaintiff was entitled to compensation under Mississippi Code Annotated § 11-44-1 to -15 was litigated in *Sutton v. State*, 337 So.3d 208 (2022) and cannot be re-litigated here.

To the extent that the plaintiff is alleging claims against the State for cruel and unusual punishment during his incarceration,[2] this claim is barred under the doctrine of res judicata for the plaintiff's failure to assert this claim in his prior suit for wrongful conviction and is alternatively barred by the statute of limitations. The plaintiff contends he "was poorly advised by his pro bono attorney," who "failed to allege the constitutional violation against Sutton and abandoned the case after filing only for Wrongful Conviction." Regardless of counsel's supposed

---

[2] The plaintiff's Complaint only briefly and somewhat ambiguously references his treatment during his incarceration:
> [T]he Court was negligent in not allowing Sutton to seek treatment on his own, and negligent and total in not making sure Sutton received the needed treatment under the State's supervision and care while Sutton was incarcerated 2 years of a 15 year sentence; they failed to inquire about the findings, and failed to act on the medical condition, to diagnose and give treatment, showing total disregard for his health. All while incarcerated, he never received treatment, and the Defendant failed to ensure I received adequate and necessary treatment.

Docket 1 at 6.

failure to allege those constitutional violations, all claims which have been litigated in a prior suit, as well as all claims which should have been litigated in the prior suit, are barred from re-litigation under the doctrine or res judicata. *Johnson v. Howell*, 592 So.2d 998, 1002 (Miss. 1991). "Where one has a choice of more than one theory of recovery for a given wrong, she may not assert them serially in successive actions but must advance all at once on pain of the bar of res judicata." *Walton v. Bourgeois,* 512 So.2d 698, 702 (Miss. 1987).

With respect to the statute of limitations on a claim for cruel and unusual punishment, there is no federal statute of limitations for civil rights actions. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983). Therefore, this court must borrow the general personal injury limitations period for Mississippi and apply it to such a claim. *Id.* The applicable Mississippi statute of limitations period is three years. *See Gates v. Walker*, 865 F.Supp. 1222, 1230 (S.D. Miss. 1994), aff'd, 62 F.3d 394 (5th Cir. 1995); *see also* Miss. Code Ann. § 15–1–49.

"Under federal law, the statute of limitations for § 1983 claims begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Edmonds v. Oktibbeha County, Miss.*, 675 F.3d 911, 916 (5th Cir. 2012) (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)). A plaintiff's awareness consists of two components: (1) the existence of the injury; and (2) causation, meaning a connection between the injury and a defendant's conduct. *See Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir.), *cert. denied*, 506 U.S. 820 (1982).

Under this standard, any claim for cruel and unusual punishment during the plaintiff's incarceration accrued at the latest by March 15, 2018, when the Mississippi Supreme Court

reversed the plaintiff's conviction and vacated his sentence. *See Sutton v. State*, 238 So. 3d 1150, 1160-61 (Miss. 2018). The instant action was filed on July 26, 2022, and, therefore, any claim for cruel and unusual punishment during the plaintiff's incarceration are time barred and dismissal is proper.

*Conclusion*

For all the reasons discussed above, the court grants summary judgment on the plaintiff's claims against Defendant Lynn Fitch, Attorney General of Mississippi, under Rule 56(f)(3). The plaintiff's claims for cruel and unusual punishment and wrongful conviction are dismissed *with prejudice*. This case is closed.

This the 26th day of June, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**